**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL CAREER COLLEGE, INC., d.b.a. Hawaii Business College; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MARGARET SPELLINGS, Secretary, United States Department of Education, in her official capacity, <br><br> Defendant - Appellee. | No. 08-17780 <br><br> D.C. No. 1:07-cv-00075-HG-LEK <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted February 20, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Plaintiffs-Appellants appeal the district court's order granting summary

judgment to the Secretary of the U.S. Department of Education ("DOE") and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

denying Plaintiffs' cross-motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Allen Mirzaei ("Mirzaei") and his two sons own 100% of National Career College, Inc., doing business as Hawaii Business College ("HBC"). HBC had been approved by the DOE to participate in Title IV federal financial aid programs before Mirzaei purchased it. When Mirzaei purchased 100% of HBC in 2006, it triggered a "change in control" of HBC, and thus HBC was required to reapply with the DOE to have HBC deemed eligible to participate in Title IV federal financial aid programs. The DOE denied HBC's request for reapplication, citing Mirzaei's previous breach of his fiduciary duty when he owned another college.

We review the district court's legal determinations *de novo*, and we review the agency's action to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Center for Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1193 (9th Cir. 2008). Our review is limited to "whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe*,

---

[1] Because the parties are familiar with the facts, we recite them only as necessary to the disposition of the case.

2

401 U.S. 402, 416 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). We are not empowered to substitute our judgment for that of the agency. *Id*.

HBC contends that when its application to participate in Title IV funds was rejected, it was subject to a de facto debarment, without receiving due process. The denial of HBC's application for recertification was not a de facto debarment. When a party is debarred, that party cannot seek to enter into *any* contract with *any* federal agency. 34 C.F.R. §§ 85.125, 85.200, 85.930. Here, HBC has not been barred from entering into other contracts with the DOE or with the other agencies within the federal government. This single incident is insufficient to prove a de facto debarment. *See Redondo-Borges v. U.S. Dept. of Housing and Urban Devel.*, 421 F.3d 1, 8–9 (1st Cir. 2005); *TLT Constr. Corp. v. United States*, 50 Fed. Cl. 212, 215–16 (Fed. Cl. Ct. 2001).

The DOE stated that it based its decision on the applicable factors of financial responsibility, 34 C.F.R. § 668.15 and Part 668, Subpart L, and standards of administrative capability, 34 C.F.R. § 668.16. As part of the decision-making process, the DOE considered the forged financial statements that were previously submitted to the DOE on behalf of Computer Business College when Mirzaei was its President and sole owner.

3

When deciding whether to grant an application to participate in Title IV programs, the DOE is charged with making sure the college and the people managing that college will fulfill their fiduciary duties in handling many thousands of dollars of the public's money. 34 C.F.R. §§ 668.15, 668.16, 668.82. The DOE did not err in considering all relevant circumstances, including Mirzaei's previous breach of fiduciary duty. Mirzaei's argument that his previous settlement agreement with the DOE somehow precluded the DOE from considering Mirzaei's conduct in the future is specifically refuted by the language of that agreement.

Further, if this were a debarment based solely on Mirzaei's character, then the DOE would not consider certifying any institution of which he owned a portion. Yet, the DOE did not raise any objections when Mirzaei owned 49% of HBC, and specifically stated it would be inclined to grant an application for recertification if Mirzaei owned 25% or less in the future. Finally, the DOE gave Plaintiffs an opportunity to contest the factual basis of the DOE's rejection, pursuant to 34 C.F.R. § 600.41(c)(1). HBC failed to present any additional evidence refuting Mirzaei's involvement with the forged accounting statements, nor any safeguards put in place to keep him from perpetrating the same fraud again.

**AFFIRMED.**

4